UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ROBERT P. MILANI, PAYSACH A. BURNES,
JASON M. TSULIS, ALEX BIEN-AIME, SHAWN
W. ENG, MATTHEW C. PLUTA, THOMAS YU,                    **1:25-CV-732 (DLC)(KHP)**
DARREN ZOU, AND MENACHEM M. BENSINGER,
                                                        **ANSWER**
                                        *Plaintiffs,*

                -against-

NEW YORK CITY,
                                        *Defendant*.
------------------------------------------------------------------------ X

   Defendant the City of New York, by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for its answer to the Complaint, alleges as follows upon information and belief:

   1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

   2. Denies the allegations set forth in paragraph "2" of the Complaint.

   3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

   4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiffs purport to invoke the subject matter jurisdiction of this Court as set forth therein.

   5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiffs purport to base venue as set forth therein.

   6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admits that Robert P. Milani ("Milani") was a resident of Suffolk County when his Special Carry firearm license was issued.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits that Paysach A. Burnes ("Burnes")  was a resident of Kings County when his Concealed Carry firearm license was issued.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that Jason M. Tsulis ("Tsulis") was a resident of New York County when his Concealed Carry firearm license was issued.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that Alex Bien-Aime ("Bien-Aime") was a resident of Kings County when his Concealed Carry firearm license was issued.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that Shawn W. Eng ("Eng") was a resident of New York County when his Concealed Carry firearm license was issued.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admits that Matthew C. Pluta ("Pluta") was a resident of New York County when his Concealed Carry firearm license was issued.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admits that Thomas Yu ("Yu") was a resident of Kings County when his Concealed Carry firearm license was issued.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that Darren Zou ("Zou") was a resident of Queens County when his Concealed Carry firearm license was issued.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admits that Menachem M. Bensinger ("Bensinger") was a resident of Kings County when his Concealed Carry firearm license was issued.

15.     Denies the allegations set forth in paragraph "15" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and the City's Police Department is established by Chapter 18 of the New York City Charter and has the powers and duties set forth therein.

16.     Neither admits nor denies the allegations set forth in paragraph "16" of the Complaint insofar as they contain legal conclusions or argument to which no response is required; insofar as they set forth allegations of fact to which a response is required, Defendant denies the allegations.

17.     Neither admits nor denies the allegations set forth in paragraph "17" of the Complaint insofar as they contain legal conclusions or argument to which no response is required; insofar as they set forth allegations of fact to which a response is required, Defendant denies the allegations.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, and respectfully refers the Court to New York Penal Law § 400.00 *et seq.* for the statutory framework for the licensing of firearms in New York State.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers the Court to New York Penal Law § 400.00 *et seq.* for the statutory framework for the licensing of firearms in New York State, except admits that the City of New York requires a permit for the possession and purchase of rifles and shotguns.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, and refers the Court to Article 265 of the Penal Law for a description of firearm offenses.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, and respectfully refers the Court to that statute for its full text and true meaning.

23.     Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to Penal Law  § 400.00 for its full text and true meaning.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, and respectfully refers the Court to Penal Law  § 400.00 for its full text and true meaning.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, and respectfully refers the Court to Penal Law  § 400.00 for its full text and true meaning.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, and respectfully refers the Court to Penal Law § 400.00for its full text and true meaning.

27.     Denies the allegations set forth in paragraph "27" of the Complaint, and respectfully refers the Court to Penal Law  § 400.00 for its full text and true meaning.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to Penal Law  § 400.00 for its full text and true meaning.

29.     Denies the allegations set forth in paragraph "29" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

30.     Denies the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

31.     Denies the allegations set forth in paragraph "31" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, and respectfully refers the Court to Penal Law § 400.00(4-b) for its full text and true meaning.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, and respectfully refers the Court to Penal Law § 400.00(15) for its full text and true meaning.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, and respectfully refers the Court to Penal Law § 400.00(6) for its full text and true meaning.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

37.     Denies the allegations set forth in paragraph "37" of the Complaint, and respectfully refers the Court to Chapters 3 and 5 of Title 38 of the Rules of the City of New York ("RCNY") for a list of the firearm licenses issued by the City of New York.

38.     Denies the allegations set forth in paragraph "38" of the Complaint, and respectfully refers the Court to New York Penal Law § 400.00, Chapters 3 and 5 of Title 38 of the RCNY, and Chapter 3 of Title 10 of the New York City Administrative Code for the requirements to obtain a permit for a firearm license or Rifle/Shotgun permit in New York City.

39.    Denies the allegations set forth in paragraph "39" of the Complaint, and respectfully refers the Court to the regulations cited therein for their full text and true meaning.

40.    Denies the allegations set forth in paragraph "40" of the Complaint, except admits that the Commissioner of the New York City Police Department is the Licensing Officer for the City of New York pursuant to Penal Law § 265.00(10), and further admits that the License Division, which is housed within the NYPD's Legal Matters Bureau, is responsible for reviewing and responding to applications for handgun licenses and Rifle/Shotgun permits in New York City.

41.    Denies the allegations set forth in paragraph "41" of the Complaint, except admits that Nicole Berkovich is the Director of the License Division, and Hugh M. Bogle is the Commanding Officer of the License Division.

42.    Denies the allegations set forth in paragraph "42" of the Complaint, except admits that the Commissioner of the New York City Police Department is the Licensing Officer for the City of New York pursuant to Penal Law § 265.00(10), and further admits that the License Division, which is housed within the NYPD's Legal Matters Bureau, is responsible for reviewing and responding to applications for handgun licenses and Rifle/Shotgun permits in New York City.

43.    Denies the allegations set forth in paragraph "43" of the Complaint, except admits that the Commissioner of the New York City Police Department is the Licensing Officer for the City of New York pursuant to Penal Law § 265.00(10), and further admits that the License Division, which is housed within the NYPD's Legal Matters Bureau, is responsible for reviewing and responding to applications for handgun licenses and Rifle/Shotgun permits in New York City.

44.    Denies the allegations set forth in paragraph "44" of the Complaint, except admits that the NYPD License Division has issued instructions for applicants to submit firearm license applications.

45.     Denies the allegations set forth in paragraph "45" of the Complaint and respectfully refers the Court to 38 RCNY § 5-05 and RCNY § 5-05.1 for their full text and true meaning.

46.     Admits the allegations set forth in paragraph "46" of the Complaint.

47.     Denies the allegations set forth in paragraph "47" of the Complaint, and respectfully refers the Court to the exhibits referenced therein for their full text and true meaning.

48.     Denies the allegations set forth in paragraph "48" of the Complaint, and respectfully refers the Court to the cited regulations and instructions for their full text and true meaning.

49.     Denies the allegations set forth in paragraph "49" of the Complaint, except admits that the interview questionnaire is provided after an application is submitted and that applicants whose fingerprints are on file do not need to be fingerprinted a second time, and avers that a list of required documents is available on the online portal prior to submitting a firearm license application.[1]

50.     Denies the allegations set forth in paragraph "50" of the Complaint, except admits that an applicant must submit all required documents with their application.

51.     Denies the  allegations set forth in paragraph "51" of the Complaint, except admits that the online application does not list all required documents on the upload page, and avers that a list of required documents is available on the application website.

52.     Admits the allegations set forth in paragraph "52" of the Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the exhibit cited therein for its full text and true meaning.

---

[1] Available at https://licensing.nypdonline.org/app-instruction/ (last accessed May 29, 2025).

54.    Denies the allegations set forth in paragraph "54" of the Complaint.

55.    Denies the allegations set forth in paragraph "55" of the Complaint, except admits once the payment is processed the application is marked "submitted."

56.    Denies the allegations set forth in paragraph "56" of the Complaint, except admits that an application number indicating the license type is generated once an application is submitted.

57.    Denies the allegations set forth in paragraph "57" of the Complaint, except admits that, after payment is submitted, applicants typically receive a confirmation email advising them of the next steps in the application process.

58.    Denies the allegations set forth in paragraph "58" of the Complaint, except admits that an application's status is deemed "awaiting payment" until the payment has been processed, and avers that eCheck payments must be cleared following a required period before they can be processed.

59.    Denies the allegations set forth in paragraph "59" of the Complaint and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning, except admits that applicants who pay by eCheck are notified upon initiating the eCheck payment process.

60.    Denies the allegations set forth in paragraph "60" of the Complaint, except admits that once an application is submitted online and the application fee has been processed, the application status is updated to "submitted."

61.    Denies the allegations set forth in paragraph "61" of the Complaint, and respectfully refers the Court to the exhibit referenced therein, and avers that applicants may now schedule their fingerprinting appointment online.

62.     Denies the allegations set forth in paragraph "62" of the Complaint, except admits that applicants with missing documents are typically sent a checklist indicating which documents must be submitted, and admits that the interview questionnaire is used to guide the interview conducted during applicants' fingerprinting appointments.

63.     Denies the allegations set forth in paragraph "63" of the Complaint, except admits that the interview questionnaire is not provided when applicants initially submit their applications, and avers that a list of required documents is available on the application website.

64.     Denies the allegations set forth in paragraph "64" of the Complaint, except admits that fingerprinting is conducted at 1 Police Plaza and the Rife/Shotgun Section of the License Division.

65.     Denies the allegations set forth in paragraph "65" of the Complaint, except admits that once an applicant's fingerprints are on file with the License Division, that applicant does not need to be fingerprinted again.

66.     Denies the allegations set forth in paragraph "66" of the Complaint, except admits that the License Division reviews the submitted documents and that applicants are typically told whether additional documents are needed prior to or at their fingerprinting appointment.

67.     Denies the allegations set forth in paragraph "67" of the Complaint, except admits that an application's status is changed to "investigation" after intake, which includes fingerprinting, has been completed.

68.     Denies the allegations set forth in paragraph "68" of the Complaint, except admits that applicants do not need to be fingerprinted again once their fingerprints are on file.

69.     Denies the allegations set forth in paragraph "69" of the Complaint, except admits that applicants whose fingerprints are on file with the License Division are notified that those fingerprints will be applied to their application.

70.     Denies the allegations set forth in paragraph "70" of the Complaint, and respectfully refer the Court to the exhibit referenced therein for its full text and true meaning.

71.     Denies the allegations set forth in paragraph "71" of the Complaint, except admits that an application's status is changed to "investigation" once intake is completed and the fingerprints on file are applied to the application.

72.     Denies the allegations set forth in paragraph "72" of the Complaint, except admits that investigators are not assigned until intake is completed.

73.     Admits the allegations set forth in paragraph "73" of the Complaint.

74.     Denies the allegations set forth in paragraph "74" of the Complaint.

75.     Denies the allegations set forth in paragraph "75" of the Complaint, and avers that investigators make a recommendation on an application to a supervisor.

76.     Admits the allegations set forth in paragraph "76" of the Complaint.

77.     Denies the allegations set forth in paragraph "77" of the Complaint, except admits the allegations in the first sentence of that paragraph.

78.     Denies the allegations set forth in paragraph "78" of the Complaint, and refers the Court to 38 RCNY § 5-07(a) for its full text and true meaning, and further admits that this section was amended effective January 5, 2025.

79.     Admits the allegations set forth in paragraph "79" of the Complaint.

80.     Denies the allegations set forth in paragraph "80" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for a list of the requirements to acquire and take possession of a handgun.

81.     Admits the allegations set forth in the first sentence of paragraph "81" of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth the second and third sentences of that paragraph; and denies the allegations set forth in the fourth sentence of that paragraph and respectfully refers the Court to 38 RCNY § 5-25 for its full text and true meaning.

82.     Denies the allegations set forth in paragraph "82" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for its full text and true meaning.

83.     Denies the allegations set forth in paragraph "83" of the Complaint, except admits that, upon receiving and processing all necessary purchase authorization information, the License Division issues and mails the license to the applicant.

84.     Denies the allegations set forth in paragraph "84" of the Complaint, except admits that approved applicants receive a license with the handgun's serial number and purchase authorization in order to retrieve the handgun upon compliance with 38 RCNY § 5-25.

85.     Denies the allegations set forth in paragraph "85" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for the requirements to acquire and take possession of a handgun.

86.     Denies the allegations set forth in paragraph "86" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for the requirements to acquire and take possession of a handgun.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88.     Denies the allegations set forth in paragraph "88" of the Complaint, and respectfully refers the Court to the statute cited therein for its full text and true meaning.

89.     Denies the allegations set forth in paragraph "89" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for the requirements to acquire and take possession of a handgun.

90.     Denies the allegations set forth in paragraph "90" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for the requirements to acquire and take possession of a handgun.

91.     Denies the allegations set forth in paragraph "91" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for the requirements to acquire and take possession of a handgun.

92.     Denies the allegations set forth in paragraph "92" of the Complaint, and respectfully refers the Court to 38 RCNY § 5-25 for the requirements to acquire and take possession of a handgun.

93.     Denies the allegations set forth in paragraph "93" of the Complaint.

94.     Denies the allegations set forth in paragraph "94" of the Complaint, except admits that an application is not deemed submitted until the payment is cleared and processed.

95.     Denies the allegations set forth in paragraph "95" of the Complaint, and avers that a payment is not necessarily cleared when it is withdrawn from an applicant's account.

96.     Denies the allegations set forth in paragraph "96" of the Complaint.

      a.   Denies the allegations set forth in paragraph "96a" of the Complaint, except denies knowledge or information sufficient to form a belief as to

the truth of the allegations in the second sentence of that paragraph and the date on which the applicant received the referenced license, and admits that the referenced application was "submitted" on November 27, 2023, and was approved on November 26, 2024.

b.  Denies the allegations set forth in paragraph "96b" of the Complaint, except admits that the application referenced therein was "submitted" on January 19, 2024.

c.  Denies the allegations set forth in paragraph "96c" of the Complaint, except admits that the application referenced therein was "submitted" on January 27, 2024.

d.  Denies the allegations set forth in paragraph "96d" of the Complaint, except admits that the application referenced therein was "submitted" on January 26, 2024.

e.  Denies the allegations set forth in paragraph "96e" of the Complaint, except admits that the application referenced therein was "submitted" on February 26, 2024.

f.  Denies the allegations set forth in paragraph "96f" of the Complaint, except admits that the application referenced therein was "submitted" on April 25, 2024, and that its current status is "investigation."

g.  Denies the allegations set forth in paragraph "96g" of the Complaint, except admits that the application referenced therein was "submitted" on January 27, 2024, and avers that it was approved on April 10, 2025.

h.  Denies the allegations set forth in paragraph "96h" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

97.     Denies the allegations set forth in paragraph "97" of the Complaint, except admits that a license application cannot proceed until the application fee has been received and processed.

98.     Denies the allegations set forth in paragraph "98" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for a description of the State's fingerprinting requirement.

99.     Denies the allegations set forth in paragraph "99" of the Complaint, and avers that applicants may now schedule their fingerprinting appointments.

100.    Denies the allegations set forth in paragraph "100" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights

101.    Denies the allegations set forth in paragraph "101" of the Complaint.

102.    Denies the allegations set forth in paragraph "102" of the Complaint.

    a.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102a" of the Complaint.

    b.    Denies the allegations set forth in paragraph "102b" of the Complaint, except admits that the applicant referenced therein was sent an email on April 20, 2024, scheduling a fingerprinting appointment for May 3, 2024, and that his application was approved on August 16, 2024.

    c.    Denies the allegations set forth in the first sentence of paragraph "102c" of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph, except admits that an email was sent to the applicant referenced therein on August 6, 2024, scheduling a fingerprinting appointment; admits the allegations in the third and fourth sentences in that paragraph; and avers that his application was approved on March 6, 2025.

    d.    Denies the allegations set forth in paragraph "102d" of the Complaint, except admits that an email was sent to the applicant referenced therein on July 4, 2024, scheduling a fingerprinting appointment on July 15, 2024, and that his application was approved on January 8, 2025.

    e.    Denies the allegations set forth in paragraph "102e" of the Complaint, except admits that an initial email scheduling the fingerprinting appointment for the applicant referenced therein was sent on November 19, 2024; and avers that the fingerprinting appointment was rescheduled twice at the applicant's request and that the application was approved on May 1, 2025.

    f.    Denies the allegations set forth in paragraph "102f" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

103.    Denies the allegations set forth in paragraph "103" of the Complaint, except admit the allegations set forth in the first sentence of that paragraph.

104.    Denies the allegations set forth in paragraph "104" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

105.    Denies the allegations set forth in paragraph "105" of the Complaint.

106.    Denies the allegations set forth in paragraph "106" of the Complaint, and avers that applicants are able to schedule their fingerprinting appointment on the next available date.

107.    Denies the allegations set forth in paragraph "107" of the Complaint.

    a.  Denies the allegations set forth in paragraph "107a" of the Complaint, except admits the fingerprinting appointment referenced therein took place on May 31, 2024.

    b.  Admits the allegations set forth in paragraph "107b" of the Complaint.

    c.  Admits the allegations set forth in paragraph "107a" of the Complaint.

    d.  Admits the allegations set forth in paragraph "107d" of the Complaint.

    e.  Denies the allegations set forth in paragraph "107e" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

108.    Denies the allegations set forth in paragraph "108" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights

109.    Denies the allegations set forth in paragraph "109" of the Complaint.

110.    Denies the allegations set forth in paragraph "110" of the Complaint, except admits that an application's status can be changed to "investigation" after the applicant is fingerprinted and is thereafter assigned an investigator.

111.    Denies the allegations set forth in paragraph "111" of the Complaint, except admits that an application's status may change to "investigation" within hours of a fingerprinting appointment.

112.    Denies the allegations set forth in paragraph "112" of the Complaint.

    a.   Denies the allegations set forth in paragraph "112a" of the Complaint, except admits that the applicant referenced therein was fingerprinted on June 22, 2023, and the application referenced therein was approved March 26, 2024.

    b.   Denies the allegations set forth in paragraph "112b" of the Complaint, except admits the allegations in the first two sentences of that paragraph and that the referenced Notice of Application Approval was issued on July 24, 2024.

    c.   Denies the allegations set forth in paragraph "112c" of the Complaint, except admits the applicant referenced therein was fingerprinted on January 10, 2025, after the appointment was rescheduled twice at the applicant's request, and that the application referenced therein entered "investigation" status on January 24, 2025.

    d.   Denies the allegations set forth in paragraph "112d" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

113.    Denies the allegations set forth in paragraph "113" of the Complaint, except admit that an investigator cannot be assigned until the application has completed the intake process.

114.    Denies the allegations set forth in paragraph "114" of the Complaint, except admits that once an applicant's fingerprints are on file, they do not need to be fingerprinted again for subsequent applications.

115.    Denies the allegations set forth in paragraph "115" of the Complaint, except admits that applicants whose fingerprints are on file do not need to be fingerprinted again pursuant to 38 RCNY 5-05.

116.    Denies the allegations set forth in paragraph "116" of the Complaint.

117.    Denies the allegations set forth in paragraph "117" of the Complaint.

a.  Denies the allegations set forth in paragraph "117a" of the Complaint, except admits the allegations in the first, third, and fourth sentences of that paragraph and that a fee waiver email was sent to the applicant referenced therein on December 2, 2023, regarding his Concealed Carry license application and that he was previously issued a Rifle/Shotgun permit.

b.  Denies the allegations set forth in paragraph "117b" of the Complaint, except admits the allegations in the second, third, and fourth sentences of that paragraph.

c.   Denies the allegations set forth in the first and second sentences of paragraph "117c" of the Complaint, except admits that the applicant referenced therein was fingerprinted on January 8, 2024, and that the application referenced therein was "submitted" on January 27, 2024; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of that paragraph, except admits that a fee waiver email was sent on November 14, 2024, and admits that the referenced application's status was "investigation" on November 15, 2024.

d.   Denies the allegations set forth in the first sentence of paragraph "117d" of the Complaint; admits the allegations set forth in the second sentence of that paragraph; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of that paragraph, except admits that the status of application referenced therein was "investigation" on August 29, 2024.

e.   Denies the allegations set forth in paragraph "117e" of the Complaint, except admits the allegations in the second and third sentences of that paragraph and admits that the application referenced therein was approved on December 7, 2024, and the license was mailed on or about January 21, 2025.

f.  Denies the allegations set forth in paragraph "117f" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh and eighth sentences of that paragraph, and admits the allegations in the first, second, fourth, fifth, and sixth sentences of that paragraph and that the application referenced therein entered "investigation" on September 27, 2024, after an attorney inquiry.

g.  Admits the allegations set forth in paragraph "117g" of the Complaint.

h.    Denies the allegations set forth in paragraph "117h" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

118.    Denies the allegations set forth in paragraph "118" of the Complaint.

119.    Denies the allegations set forth in paragraph "119" of the Complaint, except admits that investigators are assigned after an application's status is changed to "investigation."

120.    Denies the allegations set forth in paragraph "120" of the Complaint.

121.    Denies the allegations set forth in paragraph "121" of the Complaint and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning, except admits that the License Division conducts an investigation prior to issuing a decision on a license application.

122.    Denies the allegations set forth in paragraph "122" of the Complaint.

123.    Denies the allegations set forth in paragraph "123" of the Complaint.

a.    Admits the allegations set forth in paragraph "123a" of the Complaint, except denies knowledge or information sufficient to form a belief as to when the applicant referenced therein received his license.

b.    Denies the allegations set forth in the first sentence of paragraph "123b" of the Complaint, except admits that the status of the application referenced therein entered "investigation" on June 12, 2023; and admits the allegations in the second and third sentences of that paragraph, except denies knowledge or information sufficient to form a belief as to when the applicant received his license.

c.    Admits the allegations set forth in the first, second, and third sentences of paragraph "123b" of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences in that paragraph, except admits that an investigator was assigned on April 9, 2024, that the application was approved on April 15, 2024, and that an attorney inquired on the applicant's behalf.

d.    Admits the allegations set forth in the first and third sentences of paragraph "123d" of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph, except admits that an

investigator was not yet assigned to the application referenced therein on September 18, 2024.

e.  Admits the allegations set forth in the first and third sentences of paragraph "123e" of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph, except admits that an investigator was not yet assigned to the application referenced therein on September 2, 2024.

f.  Denies the allegations set forth in the first sentence of paragraph "123f" of the Complaint, except admits that the status application referenced therein entered "investigation" on July 23, 2024; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph, except admits an investigator sent the email referenced therein, and that a decision had not been made as of February 27, 2025; and avers that on January 30, 2024, the License Division contacted the applicant regarding several missing documents; that some, but not all of the missing documents were uploaded in July 2024; that all required documents were not received until March 5, 2025, and that that the application was approved on April 10, 2025.

g.  Denies the allegations set forth in paragraph "123g" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

124.  Denies the allegations set forth in paragraph "124" of the Complaint.

125.  Denies the allegations set forth in paragraph "125" of the Complaint.

a.  Denies the allegations set forth in the first sentence of paragraph "125a" of the Complaint, admits the allegations in the second and third sentences of that paragraph, except denies knowledge or information sufficient to form a belief as to when the applicant referenced therein received his license.

b.  Denies the allegations set forth in paragraph "125b" of the Complaint, except admits the allegations in the second sentence of that paragraph and that an attorney inquired about the application referenced therein, and avers that the application was approved on April 2, 2024.

c.  Denies the allegations set forth in paragraph "125c" of the Complaint, except admits the allegations set forth in the first, second, and third sentences of that paragraph and that the applicant referenced therein filed an Article 78 petition and that the license was issued on August 29, 2024.

    d.   Denies the allegations set forth in paragraph "125d" of the Complaint, except admits the allegations in the second sentence of that paragraph and that the status of application referenced therein entered "investigation" on July 16, 2024.

    e.   Denies the allegations set forth in paragraph "125e" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

126.   Denies the allegations set forth in paragraph "126" of the Complaint.

127.   Denies the allegation set forth in paragraph "127" of the Complaint.

128.   Denies the allegations set forth in paragraph "128" of the Complaint.

129.   Denies the allegations set forth in the first sentence of paragraph "129" of the Complaint, except admits that the Concealed Carry license application referenced therein was submitted on June 26, 2024; denies the allegations in the second and third sentences of that paragraph.

130.   Denies that the allegations set forth in paragraph "130" and respectfully refers the Court to Penal Law § 400.00.

131.   Denies the allegations set forth in paragraph "131" of the Complaint, except admits that applicants must submit fingerprints and social security information and that investigators seek psychiatric documents and records for applicants.

132.   Denies the allegations set forth in paragraph "132" of the Complaint.

133.   Denies the allegations set forth in paragraph "133" of the Complaint.

134.   Denies the allegations set forth in paragraph "134" except admits that the License Division uses a checklist to verify that an applicant satisfies the documentation requirements of the application process.

135.   Denies the allegations set forth in paragraph "135" of the Complaint.

136.    Denies the allegations set forth in paragraph "136" of the Complaint.

137.    Denies the allegations set forth in paragraph "137" of the Complaint.

138.    Denies the allegations set forth in paragraph "138" of the Complaint, except admits that applicants are generally given a time frame to submit additional required information.

139.    Denies the allegations set forth in paragraph "139" of the Complaint.

    a.  Admits the allegations set forth in paragraph "139a" of the Complaint.

    b.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139b" of the Complaint.

    c.  Denies the allegations set forth in paragraph "139c" of the Complaint, except admits the allegations in the second, third, and fourth sentences of that paragraph, and avers that the application was approved on February 19, 2025.

    d.  Admits the allegations set forth in paragraph "139d" of the Complaint, except denies knowledge or information sufficient to form a belief as to when the applicant received the license referenced therein.

    e.  Deny the allegations set forth in paragraph "139e" of the Complaint, except admit that the application referenced therein was submitted on June 29, 2024, and that the applicant received an email from an investigator on January 21, 2025, advising him of the referenced deadline.

    f.  Denies the allegations set forth in paragraph "139f" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

140.    Denies the allegations set forth in paragraph "140" of the Complaint, except admits that applicants are generally given a time frame to submit additional required information.

141.    Denies the allegations set forth in paragraph "141" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

142.     Denies the allegations set forth in paragraph "142" of the Complaint, except admits that the License Division has requested updated utility bills to verify an applicant's current address.

143.     Denies the allegations set forth in paragraph "143" of the Complaint.

144.     Denies the allegations set forth in paragraph "144" of the Complaint.

145.     Denies the allegations set forth in paragraph "145" of the Complaint, except admits that applicants cannot see documents previously uploaded and submitted on the application portal.

146.     Denies the allegations set forth in paragraph "146" of the Complaint.

147.     Denies the allegations set forth in paragraph "147" of the Complaint.

148.     Denies the allegations set forth in paragraph "148" of the Complaint.

149.     Denies the allegations set forth in paragraph "149" of the Complaint.

150.     Denies the allegations set forth in paragraph "150" of the Complaint.

    a.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150a" of the complaint.

    b.     Denies the allegations set forth in paragraph "150b" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

151.     Denies the allegations set forth in paragraph "151" of the Complaint.

152.     Admits the allegations set forth in paragraph "152" of the Complaint.

153.     Denies the allegations set forth in paragraph "153" of the Complaint.

154.     Denies the allegations set forth in paragraph "154" of the Complaint.

155.     Denies the allegations set forth in paragraph "155" of the Complaint.

156.     Denies the allegations set forth in paragraph "156" of the Complaint.

157.     Denies the allegations set forth in paragraph "157" of the Complaint.

a.  Denies the allegations set forth in paragraph "157a" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of that paragraph, and admits the allegations in the fourth sentence of that paragraph and that the applications referenced therein were submitted on October 25, 2023, and that their status entered "investigation" on February 2, 2024.

b.  Denies the allegations set forth in paragraph "157b" of the Complaint, except admits that the allegations in the second and third sentences of that paragraph and that the status of application referenced therein entered "investigation" on March 15, 2024, and was approved on June 3, 2024.

c.  Denies the allegations set forth in paragraph "157c" of the Complaint, except admits the allegations in the second and third sentences of that paragraph and that the status of the application referenced therein entered "investigation" on November 15, 2024, and avers that the application was approved on February 19, 2025.

d.  Admits the allegations set forth in paragraph "157d" of the Complaint.

e.  Denies the allegations set forth in paragraph "157e" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

158.  Denies the allegations set forth in paragraph "158" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

159.  Admits the allegations set forth in paragraph "159" of the Complaint.

160.  Admits the allegations set forth in paragraph "160" of the Complaint.

161.  Denies the allegations set forth in paragraph "161" of the Complaint, and respectfully refers the Court to the rule cited therein for its full text and true meaning.

162.  Denies the allegations set forth in paragraph "162" of the Complaint.

163.  Denies the allegations set forth in paragraph "163" of the Complaint.

164.  Denies the allegations set forth in paragraph "164" of the Complaint.

165.  Denies the allegations set forth in paragraph "165" of the Complaint.

a.  Denies the allegations set forth in paragraph "165a" of the Complaint, except admits that the application referenced therein was approved on June 24, 2024, and that the License Division sent the applicant a Notice of Application Approval dated July 24, 2024.

b.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165b" of the Complaint.

c.  Admits the allegations in the first, second, and fifth sentences of paragraph "165c" of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of that paragraph; and denies the allegations in the fourth sentence of that paragraph;

d.  Admits the allegations set forth in paragraph "165d" of the Complaint.

e.  Denies the allegations set forth in paragraph "165e" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

166.    Admits the allegations set forth in paragraph "166" of the Complaint.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

168.    Denies the allegations set forth in paragraph "168" of the Complaint.

169.    Denies the allegations set forth in paragraph "169" of the Complaint.

170.    Denies the allegations set forth in paragraph "170" of the Complaint, except admits that the License Division has received requests to e-mail notices of application approvals.

171.    Denies the allegations set forth in paragraph "171" of the Complaint, except admits that the License Division emails some Notices of Application Approvals.

172.    Denies the allegations set forth in paragraph "172" of the Complaint, except admits that the License Division emails Notices of Application Approvals.

173.    Denies the allegations set forth in paragraph "173" of the Complaint, and respectfully refers the rule cited therein for its full text and true meaning.

174.    Denies the allegations set forth in paragraph "174" of the Complaint, except admits that the License Division emails some Notices of Application Approvals.

175.    Denies the allegations set forth in paragraph "175" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

176.    Denies the allegations set forth in paragraph "176" of the Complaint, and refers the Court to 38 RCNY § 5-25 for a list of the requirements to acquire and take possession of a handgun.

177.    Denies the allegations set forth in paragraph "177" of the Complaint, and refers the Court to 38 RCNY § 5-25 for a list of the requirements to acquire and take possession of a handgun.

178.    Denies the allegations set forth in paragraph "178" of the Complaint.

179.    Denies the allegations set forth in paragraph "179" of the Complaint.

180.    Denies the allegations set forth in paragraph "180" of the Complaint.

181.    Denies the allegations set forth in paragraph "181" of the Complaint.

182.    Denies the allegations set forth in paragraph "182" of the Complaint and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

183.    Denies the allegations set forth in the first sentence of paragraph "183" of the Complaint, and refers the Court to 38 RCNY § 5-25 for a list of the requirements to acquire and take possession of a handgun.  Denies the allegations set forth in the second sentence of paragraph "183" of the Complaint.

184.    Denies the allegations set forth in paragraph "184," except admits that all required documents must be submitted to issue a license and Purchase Authorization.

185.    Denies the allegations set forth in paragraph "185" of the Complaint.

186.    Denies the allegations set forth in paragraph "186" of the Complaint, except admits that the License Division has updated its New License Issuing Instructions and that the current guidance instructs applicants to submit their Notice of Application Approval with their NICS number.

187.    Denies the allegations set forth in paragraph "187" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

188.    Denies the allegations set forth in the first sentence of paragraph "188" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights. Denies the allegations set forth in the second sentence of paragraph "188" of the Complaint.

189.    Denies the allegations set forth in paragraph "189" of the Complaint.

190.    Denies the allegations set forth in paragraph "190" of the Complaint.

191.    Denies the allegations set forth in paragraph "191" of the Complaint.

192.    Denies the allegations set forth in paragraph "192" of the Complaint.

193.    Admits the allegations set forth in paragraph "193" of the Complaint.

194.    Denies the allegations set forth in paragraph "194" of the Complaint, except admits that the License Division has acknowledged submission emails.

195.    Denies the allegations set forth in paragraph "195" of the Complaint.

196.    Denies the allegations set forth in paragraph "196" of the Complaint.

197.    Denies the allegations set forth in paragraph "197" of the Complaint.

198.    Denies the allegations set forth in paragraph "198" of the Complaint, except admits that Investigator Sandra Smith and Senior Police Administrative Aid Kai Gibson are employees of the License Division.

199.    Denies the allegations set forth in paragraph "199" of the Complaint.

200.    Denies the allegations set forth in paragraph "200" of the Complaint.

201.    Denies the allegations set forth in paragraph "201" of the Complaint.

  a.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201a" of the Complaint, except admits the allegations in the first and second sentences of that paragraph and that an attorney reached out on behalf of the applicant referenced therein.

  b.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201b" of the Complaint.

  c.  Admits the allegations set forth in the first sentence of paragraph "201c" of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and fourth sentences of paragraph; and denies the allegations in the third sentence of that paragraph.

  d.  Admits the allegations set forth in the first sentence of paragraph "201d" of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of that paragraph, except admits that the license referenced therein was active on November 12, 2024, and that the license was mailed on or about February 12, 2024.

  e.  Denies the allegations set forth in paragraph "201e" of the Complaint, except admits the allegations in the first sentence of that paragraph and that the license referenced therein was "active" on February 16, 2024 and that the applicant received his license on February 26, 2025.

  f.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201f" of the Complaint.

  g.  Denies the allegations set forth in paragraph "201g" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

202.    Denies the allegations set forth in paragraph "202" of the complaint.

a. Denies the allegations set forth in paragraph "202a" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of that paragraph and admits the allegations in the fourth sentence of that paragraph, that the application referenced therein was approved on October 9, 2024, and that all required purchase documents were submitted by the applicant.

b. Denies the allegations set forth in the first sentence of paragraph "202b" of the Complaint, except admits that the application referenced therein was approved on January 17, 2024; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of that paragraph, except admits that all purchase documentation was submitted by the applicant; and admits the allegations in the fourth sentence of that paragraph.

c. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202c" of the Complaint.

d. Denies the allegations set forth in paragraph "202d" of the Complaint, except admit the allegations in the first sentence of that paragraph, and admit that the license referenced therein was reprinted on November 4, 2024, and again on February 28, 2025 with an additional firearm and mailed the same day.

e. Denies the allegations set forth in paragraph "202e" of the Complaint, except admits the allegations in the first, second, third, and fourth sentences of that paragraph; and avers that the applicant picked up his reprinted license on November 7, 2024.

f. Denies the allegations set forth in paragraph "202f" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of that paragraph, and admits that the applicant submitted the required purchase authorization documents for his firearms and that the licenses were mailed on or around November 21, 2024.

g. Denies the allegations set forth in paragraph "202g" insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

203.   Denies the allegations set forth in paragraph "203" of the Complaint.

204.    Denies the allegations set forth in paragraph "204" of the Complaint, and refers the Court to 38 RCNY § 5-25 for a list of the requirements to acquire and take possession of a handgun.

205.    Denies the allegations set forth in paragraph "205" of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegation that "[m]any FFL's charge a monthly storage fee if the handgun was not retrieved within 30 days…."

206.    Denies the allegations set forth in paragraph "206" of the Complaint.

207.    Denies the allegations set forth in paragraph "207" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

208.    Denies the allegations set forth in paragraph "208" of the Complaint, and refers the Court to New York City Administrative Code § 10-303(e)(1) for the applicable timeframe for the processing of applications for a Rifle/Shotgun permit by the City of New York.

209.    Denies the allegations set forth in paragraph "209" of the Complaint, and respectfully refers the Court to the statute cited therein for its full text and true meaning.

210.    Denies the allegations set forth in paragraph "210" of the Complaint.

211.    Denies the allegations set forth in paragraph "211" of the Complaint, except admits that Rifle/Shotgun permit applications are submitted in the same manner as other firearm license applications.

212.    Denies the allegations set forth in paragraph "212" of the Complaint.

213.    Denies the allegations set forth in paragraph "213" of the Complaint.

214.    Denies the allegations set forth in paragraph "214" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

215.    Denies the allegations set forth in paragraph "215" of the Complaint.

216.    Admits the allegations set forth in paragraph "216" of the Complaint.

217.    Denies the allegations set forth in paragraph "217" of the Complaint, and respectfully refers the Court to the rule cited therein for its full text and true meaning.

218.    Denies the allegations set forth in paragraph "218" of the Complaint.

219.    Denies the allegations set forth in paragraph "219" of the Complaint.

220.    Denies the allegations set forth in paragraph "220" of the Complaint.

221.    Denies the allegations set forth in paragraph "221" of the Complaint.

222.    Denies the allegations set forth in paragraph "222" of the Complaint.

223.    Denies the allegations set forth in paragraph "223" of the Complaint, and respectfully refers the Court to the statute cited therein for its full text and true meaning.

224.    Denies the allegations set forth in paragraph "224" of the Complaint, and respectfully refers the Court to the statute cited therein for its full text and true meaning.

225.    Denies the allegations set forth in paragraph "225" of the Complaint, and respectfully refers the Court to the rule cited therein for its full text and true meaning.

226.    Denies the allegations set forth in paragraph "226" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

227.    Denies the allegations set forth in paragraph "227" of the Complaint, and respectfully refers the Court to that statute cited therein for its full text and true meaning.

228.    Denies the allegations set forth in paragraph "228" of the Complaint, and respectfully refers the Court to that statute for its full text and true meaning, except neither admits nor denies the allegations set forth in the second sentence of footnote 20 of the Complaint insofar as they contain legal conclusions or argument to which no response is required; insofar as they set forth allegations of fact to which a response is required, Defendant denies the allegations.

229.    Denies the allegations set forth in paragraph "229" of the Complaint.

230.    Denies the allegations set forth in paragraph "230" of the Complaint.

231.    Denies the allegations set forth in paragraph "231" of the Complaint.

232.    Denies the allegations set forth in paragraph "232" of the Complaint.

233.    Neither admits nor denies the allegations set forth in paragraph "233" of the Complaint insofar as they contain legal conclusions or argument to which no response is required; insofar as they set forth allegations of fact to which a response is required, Defendant denies the allegations.

234.    Neither admits nor denies the allegations set forth in paragraph "234" of the Complaint insofar as they contain legal conclusions or argument to which no response is required; insofar as they set forth allegations of fact to which a response is required, Defendant denies the allegations.

235.    Denies the allegations set forth in paragraph "235" of the Complaint, and respectfully refers the Court to Penal Law § 400.00 for its full text and true meaning.

236.    Denies the allegations set forth in paragraph "236" of the Complaint.

237.    Denies the allegations set forth in paragraph "237" of the Complaint.

238.    Denies the allegations set forth in paragraph "238" of the Complaint.

239.    Denies the allegations set forth in paragraph "239" of the Complaint.

240.    Denies the allegations set forth in paragraph "240" of the Complaint.

241.    Denies the allegations set forth in paragraph "241" of the Complaint.

242.    Denies the allegations set forth in paragraph "242" of the Complaint.

243.    Denies the allegations set forth in paragraph "243" of the Complaint.

244.    Denies the allegations set forth in paragraph "244" of the Complaint.

245.    Denies the allegations set forth in paragraph "245" of the Complaint.

246.    Denies the allegations set forth in paragraph "246" of the Complaint, except denies knowledge or information sufficient to form a belief as to what Plaintiffs are aware of, and admits that Zou's Rifle/Shotgun permit was approved in less than three months.

247.    Denies the allegations set forth in paragraph "247" of the Complaint.

248.    Denies the allegations set forth in paragraph "248" of the Complaint.

249.    Denies the allegations set forth in paragraph "249" of the Complaint.

250.    Denies the allegations set forth in paragraph "250" of the Complaint.

251.    Denies the allegations set forth in paragraph "251" of the Complaint.

252.    Denies the allegations set forth in paragraph "252" of the Complaint, except admits that attorneys have contacted the License Division regarding the status of applications.

253.    Denies the allegations set forth in paragraph "253" of the Complaint, except admits that the License Division received letters on behalf of approximately 200 applicants regarding the status of their applications and the issuance of their licenses.

254.    Denies the allegations set forth in paragraph "254" of the Complaint, except admits that one law firm brought Article 78 petitions seeking relief in the nature of mandamus to compel decisions on outstanding license applications and to issue licenses on behalf of approximately twenty applicants against the respondents referenced therein.

255.     Denies the allegations set forth in paragraph "255" of the Complaint.

256.     Denies the allegations set forth in paragraph "256" of the Complaint, except admits that the License Division has received letters citing application timelines, quoting the sections of the Penal Law referenced therein, and outlining communication between the License Division and license applicants.

257.     Denies the allegations set forth in paragraph "257" of the Complaint, except admits that the License Division received letters seeking the issuance of licenses and purchase authorizations following applicants' approvals.

258.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "258" of the Complaint, except admits that the License Division and its Director have received the letters such as the letters referenced therein and that the City has been served with Article 78 petitions such as the petitions referenced therein.

259.     Denies the allegations set forth in paragraph "259" of the Complaint, except admits that the License Division has responded to many of the letters referenced therein.

260.     Denies the allegations set forth in paragraph "260" of the Complaint, except admits that the License Division has issued decisions on applications after receiving letters regarding their status.

261.     Denies the allegations set forth in paragraph "261" of the Complaint, except admits that the City has resolved Article 78 petitions prior to a decision, and denies the allegations in footnote twenty-four in that paragraph and respectfully refers the Court to the statutes cited therein for their full text and true meaning.

262.     Denies the allegations set forth in paragraph "262" of the Complaint.

263.    Denies the allegations set forth in paragraph "263" of the Complaint, except admits that the License Division received correspondence regarding the status of applications.

264.    Denies the allegations set forth in paragraph "264" of the Complaint, except admits that the License Division has received written communication from attorneys regarding the status of applications and that CPLR Article 78 proceedings have been brought against the License Division.

265.    Denies the allegations set forth in paragraph "265" of the Complaint.

266.    Denies the allegations set forth in paragraph "266" of the Complaint.

267.    Denies the allegations set forth in paragraph "267" of the Complaint.

268.    Denies the allegations set forth in paragraph "268" of the Complaint, except admits that a federal lawsuit bearing the caption _Meissner v. City of New York, et al._, No. 23-cv-01907 (NRB)(VF), was filed in the United States District Court for the Southern District of New York in March 2023, and further admits that the Complaint named the City of New York, the New York City Police Department, the New York City Police Department License Division, then-NYPD Commissioner Keechant L. Sewell, and Nicole Berkovich, Director of the License Division as defendants, and respectfully refers the Court to the docket entries referenced therein for their full text and true meaning.

269.    Denies the allegations set forth in paragraph "269" of the Complaint.

270.    Denies the allegations set forth in paragraph "270" of the Complaint, and respectfully refers the Court to the rule cited therein for its full text and true meaning.

271.    Denies the allegations set forth in paragraph "271" of the Complaint.

272.    Denies the allegations set forth in paragraph "272" of the Complaint.

273.    Denies the allegations set forth in paragraph "273" of the Complaint.

274.    Denies the allegations set forth in paragraph "274" of the Complaint.

275.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "275" of the Complaint, except admits that Robert P. Milani was a resident of Suffolk County when his Special Carry firearm license was issued.

276.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "276" of the Complaint, except admits that Milani was a resident of Suffolk County and had a New York State carry license issued by Suffolk County when his Special Carry firearm license was issued.

277.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "277" of the Complaint, except admits that an appropriate license is required to carry a firearm in the City.

278.    Denies the allegations set forth in paragraph "278" of the Complaint, except admits that Milani submitted a firearm license application on August 2, 2023, *via* the online portal and paid the application fee *via* eCheck.

279.    Denies the allegations set forth in paragraph "279" of the Complaint, except admits that Milani's application was marked "Submitted" on August 23, 2023.

280.    Admits the allegations set forth in paragraph "280" of the Complaint.

281.    Denies the allegations set forth in paragraph "281" of the Complaint, except admits that Milani was fingerprinted on October 2, 2023, and that his application status was then changed to "Investigation."

282.    Denies the allegations set forth in paragraph "282" of the Complaint, except admits that an investigator was assigned on October 10, 2024.

283.    Denies the allegations set forth in paragraph "283" of the Complaint, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

284.    Denies the allegations set forth in paragraph "284" of the Complaint, except admits that an investigator was assigned on October 10, 2024.

285.    Denies the allegations set forth in paragraph "285" of the Complaint, except admits that the investigator assigned to the review of Milani's application requested additional documents from Milani in October 2024, which he subsequently provided.

286.    Denies the allegations set forth in paragraph "286" of the Complaint, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

287.    Denies the allegations set forth in paragraph "287" of the Complaint, except admits that Milani submitted the remaining required documents in October 2024.

288.    Denies the allegations set forth in paragraph "288" of the Complaint, and avers that on October 23, 2024, Milani was approved for a Special Carry license.

289.    Denies the allegations set forth in paragraph "289" of the Complaint, except admits that Milani applied for a Special Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

290.    Denies the allegations set forth in paragraph "290" of the Complaint, except admits that correspondence was exchanged between Milani and the License Division regarding photographs of Milani's handguns and safe, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

291.    Denies the allegations set forth in paragraph "291" of the Complaint, except admits that Milani sent correspondence to the License Division regarding the status of his license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

292.    Denies the allegations set forth in paragraph "292" of the Complaint, except admits that the License Division received a letter *via* email from Milani's attorney on December 18, 2024, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

293.    Denies the allegations set forth in paragraph "293" of the Complaint, except admits that correspondence was exchanged between Milani and the License Division regarding the status of Milani's license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

294.    Denies the allegations set forth in paragraph "294" of the Complaint, except admits that Milani received his Special Carry license on February 6, 2025; and avers that the firearms listed on Milani's Special Carry license correspond to those listed on the most recent County Carry license that he submitted to the License Division, and respectfully refers the Court to 38 RCNY § 5-25(h) for its full text and true meaning.

295.    Denies the allegations set forth in paragraph "295" of the Complaint, except admits that correspondence was exchanged between Milani and the License Division regarding Milani's Special Carry license.

296.    Denies the allegations set forth in paragraph "296" of the Complaint, except admits that the License Division did not send a written notice to Milani pursuant to Penal Law §400.00(4-b).

297.    Denies the allegations set forth in paragraph "297" of the Complaint.

298.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the Complaint, except admits that Burnes was a resident of Kings County when his Concealed Carry firearm license was issued.

299.    Admits the allegations set forth in paragraph "299" of the Complaint.

300.    Denies the allegations set forth in paragraph "300" of the Complaint, except admits that Burnes paid the application fee *via* credit card and was issued an application number on October 16, 2023.

301.    Denies the allegations set forth in paragraph "301" of the Complaint, except admits that the License Division sent Burnes an email on January 17, 2024, scheduling a fingerprinting appointment for February 8, 2024.

302.    Denies the allegations set forth in paragraph "302" of the Complaint, except admits that the License Division advised Burnes that he was missing required documents in the email scheduling his fingerprinting appointment, and avers that the documents listed in the email are also listed in the Required Documents checklist that is available on the online portal prior to submitting a firearm license application.[2]

303.    Admits the allegations set forth in paragraph "303" of the Complaint.

304.    Denies the allegations set forth in paragraph "304" of the Complaint, except admit that Burnes was fingerprinted on February 8, 2024.

305.    Denies the allegations set forth in paragraph "305" of the Complaint, and avers that Burnes' fingerprinting appointment took place on February 8, 2024.

306.    Denies the allegations set forth in paragraph "306" of the Complaint.

---

[2] Available at: https://licensing.nypdonline.org/app-instruction/ (last accessed June 2, 2025).

307.    Denies the allegations set forth in paragraph "307" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

308.    Denies the allegations set forth in paragraph "308" of the Complaint, except admits that Burnes emailed the License Division regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

309.    Denies the allegations set forth in paragraph "309" of the Complaint, except admits that email correspondence was exchanged between the License Division and Burnes regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning, and avers that an investigator was assigned to Burnes' application on August 8, 2024.

310.    Denies the allegations set forth in paragraph "310" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

311.    Denies the allegations set forth in paragraph "311" of the Complaint, except admits that the License Division and Burnes communicated regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

312.     Denies the allegations set forth in paragraph "312" of the Complaint, except admits that Burnes' Concealed Carry application was approved on November 11, 2024, and that his Notice of Application Approval was dated November 4, 2024.

313.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "313" of the Complaint, except admits that Burnes was issued a Concealed Carry license listing the firearm referenced therein.  Denies the allegations set forth in the second sentence of paragraph "313" of the Complaint, except admits that Burnes emailed the License Division with information regarding the handgun that he sought to list on his Concealed Carry license.

314.     Denies the allegations set forth in paragraph "314" of the Complaint, except admits that Burnes emailed the License Division regarding the status of his Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

315.     Denies the allegations set forth in paragraph "315" of the Complaint, except admits that Burnes' license was marked active and thereafter mailed on January 16, 2025.

316.     Denies the allegations set forth in paragraph "316" of the Complaint, except admits that the License Division did not send a written notice to Burnes pursuant to Penal Law §400.00(4-b).

317.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "317" of the Complaint, except admits that Tsulis was a resident of New York County when his Concealed Carry firearm license was issued.

318.    Admits the allegations set forth in paragraph "318" of the Complaint.

319.    Denies the allegations set forth in paragraph "319" of the Complaint.

320.    Admits the allegations set forth in paragraph "320" of the Complaint.

321.    Denies the allegations set forth in paragraph "321" of the Complaint.

322.    Denies the allegations set forth in paragraph "322" of the Complaint, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning, except admits that Tsulis was notified on May 4, 2023, that he needed to submit additional documentation and that he was scheduled for a fingerprinting appointment on May 19, 2023.

323.    Denies the allegations set forth in paragraph "323" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

324.    Admits the allegations set forth in paragraph "324" of the Complaint.

325.    Denies the allegations set forth in paragraph "325" of the Complaint, except admits that the License Division and Tsulis exchanged correspondence regarding the status of his application for a Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

326.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "326" of the Complaint.  Denies the allegations set forth in the remaining sentences of paragraph "326" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs'

constitutional rights, except admits that applicants cannot unilaterally edit their application information after submission and further admits that Tsulis uploaded additional documents containing a new address.

327.    Denies the allegations set forth in paragraph "327" of the Complaint, except admits that Tsulis emailed the License Division regarding the status of his application for a Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

328.    Denies the allegations set forth in paragraph "328" of the Complaint, except admits that the License Division and Tsulis exchanged correspondence regarding the status of his application for a Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

329.    Denies the allegations set forth in paragraph "329" of the Complaint, except admits that Tsulis emailed the License Division regarding the status of his application for a Premise Residence handgun license, and respectfully refers the Court to the exhibit cited therein for its full text and true meaning.

330.    Denies the allegations set forth in paragraph "330" of the Complaint, except admits that Tsulis' application was updated to approved on November 30, 2023.

331.    Denies the allegations set forth in paragraph "331" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admits that the Notice of Application Approval was dated December 12, 2023, and further admits that Tsulis emailed the License Division regarding the status of his

application for a Premise Residence handgun license, and respectfully refers the Court to the exhibit cited therein for its full text and true meaning.

332.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "332" of the Complaint, except admits that Tsulis emailed purchase authorization documents to the License Division.

333.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "333" of the Complaint, except admits that Tsulis submitted the required documents and that the license was issued on January 8, 2024.

334.    Denies the allegations set forth in paragraph "334" of the Complaint, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

335.    Denies the allegations set forth in paragraph "335" of the Complaint, except admits that the License Division approved Tsulis' Premise Residence handgun license application, and such license was postmarked on January 9, 2024.

336.    Denies the allegations set forth in paragraph "336" of the Complaint, except admits that the License Division did not send a written notice to Tsulis pursuant to Penal Law §400.00(4-b).

337.    Denies the allegations set forth in paragraph "337" of the Complaint, except admits that, after receiving his Premise Residence license, Tsulis applied and was approved for a Concealed Carry license and a Rifle/Shotgun permit by the License Division.

338.    Denies the allegations set forth in paragraph "338" of the Complaint, except admits that Tsulis submitted an application for a Concealed Carry license on January 15, 2024, which was approved on April 29, 2024.

339.    Denies the allegations set forth in paragraph "339" of the Complaint.

340.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "340" of the Complaint, except admits that the License Division issued a Notice of Approval to Tsulis dated May 21, 2024.

341.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "341" of the Complaint, except admit that Tsulis submitted the required purchase authorization documents and received his Concealed Carry license on July 25, 2024.

342.    Denies the allegations set forth in paragraph "342" of the Complaint, except admits that an Article 78 petition was filed and served on the dates referenced therein seeking relief in the nature of mandamus to compel decisions on outstanding license applications filed by the various petitioners therein, and further admits that the License Division contacted Tsulis to arrange receipt of his license.

343.    Denies the allegations set forth in paragraph "343" of the Complaint, except admits that Tsulis scheduled an appointment to pick up his license in July 2024.

344.    Denies the allegations set forth in paragraph "344" of the Complaint.

345.    Denies the allegations set forth in paragraph "345" of the Complaint.

346.    Admits the allegations set forth in paragraph "346" of the Complaint.

347.    Denies the allegations set forth in paragraph "347" of the Complaint.

348.    Admits the allegations set forth in paragraph "348" of the Complaint.

349.    Denies the allegations set forth in paragraph "349" of the Complaint, except admits that Tsulis did not have to be fingerprinted a second time.

350.    Denies the allegations set forth in paragraph "350" of the Complaint, except admits that Tsulis' Rifle/Shotgun permit and Concealed Carry license applications were both approved on April 29, 2024.

351.    Denies the allegations set forth in paragraph "351" of the Complaint.

352.    Denies the allegations set forth in paragraph "352" of the Complaint, except admits that Tsulis' Rifle/Shotgun permit was approved on April 29, 2024, and respectfully refers the Court to Section 10-303 of the New York City Administrative Code for its full text and true meaning.

353.    Denies the allegations set forth in paragraph "353" of the Complaint.

354.    Denies the allegations set forth in paragraph "354" of the Complaint, except admits that Tsulis emailed required documentation to the License Division in March 2024, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

355.    Denies the allegations set forth in paragraph "355" of the Complaint, except admits that the License Division and Tsulis exchanged emails regarding the status of Tsulis'

request to add a new handgun to his Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

356.    Denies the allegations set forth in paragraph "356" of the Complaint, except admits that the License Division emailed Tsulis regarding the status of his request to add a new handgun to his Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

357.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "357" of the Complaint, except admits that Tsulis emailed the License Division regarding the status of his request to add a new handgun to his Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

358.    Denies the allegations set forth in paragraph "358" of the Complaint, except admits that the License Division emailed Tsulis regarding the status of his request to add a new handgun to his Premise Residence handgun license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

359.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "359" of the Complaint, except admits that Tsulis' Premise Residence handgun license was mailed on or around May 7, 2024, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

360.    Denies the allegations set forth in paragraph "360" of the Complaint, except admits that Tsulis' Premise Residence handgun license was mailed on or around May 7, 2024.

361.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "361" of the Complaint, except admits that Bien-Aime was a resident of Kings County when his firearm license was issued.

362.    Admits the allegations set forth in paragraph "362" of the Complaint.

363.    Denies the allegations set forth in paragraph "363" of the Complaint, except admits that Bien-Aime submitted all required documentation when he submitted his application on November 26, 2022, and that he submitted the interview questionnaire on February 25, 2025.

364.    Admits the allegations set forth in paragraph "364" of the Complaint.

365.    Denies the allegations set forth in paragraph "365" of the Complaint, except admits that Bien-Aime was previously issued a Rifle/Shotgun permit and did not need to be fingerprinted again for his Concealed Carry license application.

366.    Denies the allegations set forth in paragraph "366" of the Complaint.

367.    Denies the allegations set forth in paragraph "367" of the Complaint, except admits that Bien-Aime was not separately notified by email that his prior fingerprinting would be applied to his Concealed Carry license application.

368.    Denies the allegations set forth in paragraph "368" of the Complaint, except admits that Bien-Aime emailed the License Division regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

369.    Admits the allegations set forth in paragraph "369" of the Complaint.

370.    Denies the allegations set forth in paragraph "370" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admits that Bien-Aime uploaded an interview questionnaire on February 25, 2025.

371.    Denies the allegations set forth in paragraph "371" of the Complaint, except admits that an investigator was assigned to review Bien-Aime's Concealed Carry license application on February 10, 2025.

372.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "372" of the Complaint.

373.    Denies the allegations set forth in paragraph "373" of the Complaint, except admits that Bien-Aime emailed the License Division regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

374.    Denies the allegations set forth in paragraph "374" of the Complaint, and avers that the License Division approved Bien-Aime's application for a Concealed Carry license and mailed such license to him on or about May 19, 2025.

375.    Denies the allegations set forth in paragraph "375" of the Complaint, except admits that the License Division did not send a written notice to Zou pursuant to Penal Law §400.00(4-b) and avers that the License Division approved Bien-Aime's application for a Concealed Carry license and mailed such license to him on or about May 19, 2025.

376.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "376" of the Complaint, except admits that Eng was a resident of New York County when his Concealed Carry firearm license was issued.

377.    Denies the allegations set forth in paragraph "377" of the Complaint, except admits that Eng initiated his applications *via* the online portal on November 21, 2023.

378.    Denies the allegations set forth in paragraph "378" of the Complaint, except admits that Eng initiated payment of the application fee via eCheck on November 21, 2023.

379.    Denies the allegations set forth in the first sentence of paragraph "379" of the Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "379" of the Complaint.  Denies the allegations set forth in the third sentence of paragraph "379" of the Complaint, except admits that Eng's application was not marked submitted as of December 4, 2023.  Denies the allegations set forth in the fourth sentence of paragraph "379" of the Complaint, except admits that Eng emailed the License Division regarding the status of his applications, and respectfully refers the Court to the exhibit referenced therein for its full text and meaning.

380.    Denies the allegations set forth in paragraph "380" of the Complaint, except admits that Eng's application status was marked submitted and an application number was issued on December 5, 2023, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

381.     Denies the allegations set forth in paragraph "381" of the Complaint, except admits that Eng had an active Rifle/Shotgun permit when he applied for a Premise Residence license and that he did not need to be fingerprinted again for his next license application.

382.     Denies the allegations set forth in paragraph "382" of the Complaint, and avers that a list of required documents is available through the License Division's web portal.

383.     Denies the allegations set forth in paragraph "383" of the Complaint, except admits that a fee waiver email was sent to Eng on May 10, 2024, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

384.     Denies the allegations set forth in the first sentence of paragraph "384" and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph, except admits that Eng uploaded his interview questionnaire to his CB application on September 18, 2024.

385.     Denies the allegations set forth in paragraph "385" of the Complaint.

386.     Denies the allegations set forth in paragraph "386" of the Complaint, except admits that Eng's Concealed Carry license application entered "investigation" status on June 20, 2024, and his premise residence application entered "investigation" on September 22, 2024.

387.     Denies the allegations set forth in paragraph "387" of the Complaint, except admits that Eng emailed the License Division regarding the status of his applications, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

388.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "388" of the Complaint.

389.    Denies the allegations set forth in paragraph "389" of the Complaint, except admits that Eng emailed the License Division regarding the status of his applications, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

390.    Denies the allegations set forth in paragraph "390" of the Complaint, except admits that an investigator was assigned to Eng's applications on September 22, 2024.

391.    Denies the allegations set forth in paragraph "391" of the Complaint, except admits that Eng's Premise Residence  and Concealed Carry license applications were both approved on September 23, 2024.

392.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "392" of the Complaint, and avers that Eng's Premise Residence  and Concealed Carry license applications were both approved on September 23, 2024, and his licenses were mailed on or about October 21, 2024.

393.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "393" of the Complaint.  Denies the allegations set forth in the remainder of paragraph "393" of the Complaint, except admits that Eng submitted documents to the License Division's purchase authorization unit via email, and respectfully refers the Court to the exhibits referenced therein for their full text and true meaning.

394.    Denies the allegations set forth in paragraph "394" of the Complaint, except admits that Eng emailed documents to the License Division's purchase authorization unit

regarding his request to list a handgun on his Concealed Carry license, and respectfully refers the Court to the exhibits referenced therein for their full text and true meaning.

395.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "395" of the Complaint.  Denies the allegations set forth in the second sentence of paragraph "395" of the Complaint, except admits that Eng submitted documents to License Division's  purchase authorization unit via email, and respectfully refers the Court to the exhibits referenced therein for their full text and true meaning.

396.    Denies the allegations set forth in paragraph "396" of the Complaint, except admits that the License Division received the necessary documents to issue Eng's license, and respectfully refers the Court to the exhibits referenced therein for their full text and true meaning.

397.    Denies the allegations set forth in paragraph "397" of the Complaint, except admits that Eng's licenses were mailed on or about October 21, 2024, and respectfully refers the Court to the exhibits referenced therein for their full text and true meaning.

398.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "398" of the Complaint, except admits that Eng's applications for a Concealed Carry license and premise residence license were approved on September 23, 2024, and mailed on or about October 21, 2024.

399.    Denies the allegations set forth in paragraph "475" of the Complaint, except admits that the License Division did not send a written notice to Eng pursuant to Penal Law §400.00(4-b).

400.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "400" of the Complaint, except admits that Pluta is a Navy veteran and was a City resident when his Concealed Carry firearm license was issued.

401.    Admits the allegations set forth in paragraph "401" of the Complaint.

402.    Denies the allegations set forth in paragraph "402" of the Complaint, except admits that Pluta uploaded certain required documents with his application submission and paid the application fee by credit card.

403.    Denies the allegations set forth in paragraph "403" of the Complaint except admits that Pluta was notified by email on February 8, 2024, that his fingerprinting appointment was scheduled for February 29, 2024.

404.    Denies the allegations set forth in paragraph "404" of the Complaint, except admits that Pluta was advised by the License Division that additional required documents were required before his application could be processed, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

405.    Admits the allegations set forth in paragraph "405" of the Complaint.

406.    Denies the allegations set forth in paragraph "406" of the Complaint, except admits that Pluta's application status was changed to "investigation" status on February 29, 2024.

407.    Denies the allegations set forth in paragraph "407" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

408.    Denies the allegations set forth in paragraph "408" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

409.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "409" of the Complaint, except admits that Pluta submitted an application for a Concealed Carry license via the License Division's online portal on October 24, 2023, and thereafter an attorney inquired on his behalf.

410.    Denies the allegations set forth in paragraph "410" of the Complaint, except admits that the License Division regarding the status of Pluta's application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

411.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "411" of the Complaint, except admits that Pluta, through his attorney, filed an Article 78 petition on June 14, 2024, bearing Index No. 155503/2024, in the Supreme Court of the State of New York, County of New York, seeking relief in the nature of mandamus to compel a decision on his application for a Concealed Carry license.

412.    Denies the allegations set forth in paragraph "412" of the Complaint, except admits that Petitioners filed an affidavit of service swearing that service was made upon the individually named defendants on June 21, 2024.

413.    Denies the allegations set forth in paragraph "413" of the Complaint, except admits that Pluta's application for a Concealed Carry license was approved on July 1, 2024, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

414.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "414" of the Complaint, except admits that Pluta's application for a Concealed Carry license was approved on July 1, 2024, and further admits that Pluta's notice of approval was mailed on or about June 12, 2024.

415.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "415" of the Complaint, except admits that Pluta submitted documents to add his handgun to his Concealed Carry license.

416.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "416" of the Complaint, except admits that Pluta submitted the required purchase authorization documents.

417.    Denies the allegations set forth in paragraph "417" of the Complaint, except admits that the License Division issued a Concealed Carry license to Pluta, and further admits that said license was mailed on or about July 31, 2024.

418.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "418" of the Complaint, except admits that the License Division issued a Concealed Carry license to Pluta, and further admits that said license was mailed on July 31, 2024.

419.    Denies the allegations set forth in paragraph "419" of the Complaint.

420.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "420" of the Complaint, except admits that Yu was a resident of Kings County when his Concealed Carry firearm license was issued.

421.     Admits the allegations set forth in paragraph "421" of the Complaint.

422.     Denies the allegations set forth in paragraph "422" of the Complaint, except admits that Yu paid the application fee by credit card on July 21, 2023, and was issued an application number.

423.     Denies the allegations set forth in paragraph "423" of the Complaint, except admits that, when Yu applied for a Concealed Carry license, he had an active Premise Residence license and Rifle/Shotgun permit and did not need to be fingerprinted again.

424.     Denies the allegations set forth in paragraph "424" of the Complaint, except admits that Yu emailed the License Division regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

425.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "425" of the Complaint, except admits that an investigator was not assigned to Yu's application on April 8, 2024.

426.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "426" of the Complaint, except denies the allegation that "no progress was made on [Yu's] application since the day he applied, and it was apparent that there would be no movement as to the application in the foreseeable future."

427.    Denies the allegations set forth in paragraph "427" of the Complaint, except admits that Yu emailed the License Division regarding the status of his application for a Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

428.    Denies the allegations set forth in paragraph "428" of the Complaint, except admits that an investigator requested additional documentation on April 11, 2024, and further admits that Yu's application for a Concealed Carry license was approved on April 15, 2024, and the Concealed Carry license was issued on May 6, 2024.

429.    Denies the allegations set forth in paragraph "429" of the Complaint.

430.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "430" of the Complaint.

431.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph "431" of the Complaint. Denies the allegations set forth in the third sentence of paragraph "431" of the Complaint, except admits that Yu emailed the License Division regarding the status of his request to add a second handgun to his Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

432.    Denies the allegations set forth in paragraph "432" of the Complaint insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that Yu has spoken with SPAA Gibson regarding his license status, and aver that the license was printed and mailed on or about February 20, 2024.

433.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "433" of the Complaint, except admits that an appointment was scheduled for February 26, 2025.

434.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "434" of the Complaint, except admits that Yu's application for a Concealed Carry license was approved on May 6, 2024, and mailed on or about May 15, 2024, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

435.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "435" of the Complaint, except denies the allegations insofar as Plaintiffs allege that Defendant acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

436.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "436" of the Complaint, except admits that Zou was a City resident when his Concealed Carry firearm license was issued.

437.    Denies the allegations set forth in paragraph "437" of the Complaint, except admits that Zou initiated the application process on June 17, 2024.

438.    Denies the allegations set forth in paragraph "438" of the Complaint, except admits that Zou made his application fee payment *via* eCheck on June 17, 2024.

439.    Denies the allegations set forth in paragraph "439" of the Complaint, except admits that Zou's application was marked submitted on July 9, 2024.

440.    Denies the allegations set forth in the first two sentences of paragraph "440" of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentences of that paragraph, and avers that Zou was sent a fingerprinting appointment email on October 21, 2024.

441.    Admits the allegations set forth in paragraph "441" of the Complaint.

442.    Admits the allegations set forth in paragraph "442" of the Complaint.

443.    Denies the allegations set forth in paragraph "443" of the Complaint, except admits that the Rifle/Shotgun Section of the License Division sent Zou an email regarding the status of his application, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

444.    Denies the allegations set forth in paragraph "444" of the Complaint, and respectfully refers the Court to the exhibit and statute referenced therein for their full text and true meaning.

445.    Admits the allegations set forth in paragraph "445" of the Complaint.

446.    Denies the allegations set forth in paragraph "446" of the Complaint, except admits that Zou was told to bring his original Social Security card.

447.    Denies the allegations set forth in paragraph "447" of the Complaint, except admits that Zou's Concealed Carry application entered "investigation" status on November 16, 2024.

448.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "448" of the Complaint, except denies that Zou had submitted his Concealed Carry license application and Rifle/Shotgun permit application as of January 2, 2024.

449.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "449" of the Complaint.

450.    Denies the allegations set forth in paragraph "450" of the Complaint, except admits that an email was sent to the License Division regarding Zou's application on January 6, 2025, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

451.    Denies the allegations set forth in paragraph "451" of the Complaint, except admits that Zou uploaded a copy of his driver license with his correct address on January 7, 2025.

452.    Denies the allegations set forth in paragraph "452" of the Complaint, except admits that his applications were approved on January 9, 2025, and that the Notice of Application Approval for his Concealed Carry license was emailed to him that day.

453.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "453" of the Complaint.

454.    Denies the allegations set forth in paragraph "454" of the Complaint, except admits that Zou submitted documents to the License Division in furtherance of his request to list a handgun on his Concealed Carry license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

455.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "455" of the Complaint, except admits that Zou's application for a Rifle/Shotgun permit was approved on January 9, 2025 , and mailed on or about January 31, 2025.

456.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "456" of the Complaint, except admits that Zou's application for a Concealed Carry license was approved on January 9, 2025, and mailed on or about February 5, 2025.

457.    Denies the allegations set forth in paragraph "457" of the Complaint, except admits that the License Division did not send a written notice to Zou pursuant to Penal Law §400.00(4-b).

458.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "458" of the Complaint, except admits that Bensinger was a City resident when his Premise Residence firearm license was issued.

459.    Admits the allegations set forth in paragraph "459" of the Complaint.

460.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "460" of the Complaint. Denies the allegations set forth in the second sentence of that paragraph, and respectfully refers the Court to the License Division's New Application Instructions for its full text and true meaning.

461.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "461" of the Complaint.

462.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "462" of the Complaint.

463.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "463" of the Complaint, except admit that Bensinger received an email from the License Division on the date referenced therein.

464.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "464" of the Complaint, except admits that the License Division sent a copy of the Interview Questionnaire to Bensinger via email, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

465.    Denies the allegations set forth in paragraph "465" of the Complaint, except admits that Bensinger initiated the payment process for a Premise Residence pistol license application on July 30, 2024.

466.    Denies the allegations set forth in paragraph "466" of the Complaint, except admits that Bensinger initiated payment of the application fee via eCheck on July 30, 2024.

467.    Denies the allegations set forth in paragraph "467" of the Complaint, except admits that Bensinger uploaded certain required documents in support of his application.

468.    Denies the allegations set forth in paragraph "468" of the Complaint, except admits that Bensinger emailed the License Division regarding the status of his application for a Premise Residence pistol license,  and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

469.    Denies the allegations set forth in paragraph "469" of the Complaint, except admits that Bensinger's application was marked submitted on August 13, 2024, and further admits that Bensinger emailed the License Division regarding the status of his application for a Premise Residence pistol license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

470.    Denies the allegations set forth in paragraph "470" of the Complaint, except admits that Bensinger's application entered "investigation" status on August 19, 2024, and further admits that the License Division emailed Bensinger regarding the status of his application for a Premise Residence pistol license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

471.    Denies the allegations set forth in paragraph "471" of the Complaint, except admits that Bensinger's application status was "investigation" as of December 2024, and further admits that Bensinger emailed the License Division regarding the status of his application for a Premise Residence pistol license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

472.    Denies the allegations set forth in paragraph "472" of the Complaint, except admits that Bensinger's application was approved on February 6, 2025, and that a Notice of Application Approval was emailed to him that day.

473.    Denies the allegations set forth in paragraph "473" of the Complaint, except admits that Bensinger submitted purchase authorization documents to the License Division on February 12, 2025, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning.

474.    Denies the allegations set forth in paragraph "474" of the Complaint, except admits that Bensinger emailed the License Division regarding the status of his application for a Premise Residence pistol license, and respectfully refers the Court to the exhibit referenced therein for its full text and true meaning,  and avers that Bensinger's premise residence license was issued and thereafter mailed on March 7, 2025.

475.    Denies the allegations set forth in paragraph "475" of the Complaint, except admits that the License Division did not send a written notice to Zou pursuant to Penal Law §400.00(4-b).

476.    Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "475" of its answer as if fully set forth herein.

477.    Neither admits nor denies the allegations set forth in paragraph "477" of the Complaint insofar as they contain legal conclusions or argument to which no response is required; insofar as they set forth allegations of fact to which a response is required, Defendant denies the allegations

478.     Denies the allegations set forth in paragraph "478" of the Complaint, except admits that the Commissioner of the New York City Police Department is the Licensing Officer for the City of New York pursuant to Penal Law § 265.00(10), and further admits that the License Division, which is housed within the NYPD's Legal Matters Bureau, is responsible for reviewing and responding to applications for handgun licenses and Rifle/Shotgun permits in New York City

479.    Denies the allegations set forth in paragraph "479" of the Complaint.

480.    Denies the allegations set forth in paragraph "480" of the Complaint.

481.    Denies the allegations set forth in paragraph "481" of the Complaint.

482.    Denies the allegations set forth in paragraph "482" of the Complaint.

483.    Denies the allegations set forth in paragraph "483" of the Complaint.

484.    Denies the allegations set forth in paragraph "484" of the Complaint.

485.    Denies the allegations set forth in paragraph "485" of the Complaint.

486.    Admits the allegations set forth in paragraph "486" of the Complaint.

487.    Denies the allegations set forth in paragraph "487" of the Complaint, and avers that the License Division approved Bien-Aime's application for a Concealed Carry license and mailed such license to him on or about May 19, 2025.

488.    Denies the allegations set forth in paragraph "488" of the Complaint.

489.    Denies the allegations set forth in paragraph "489" of the Complaint, except admits that Milani submitted his application on August 23, 2023, it was approved on October 23, 2024, and his license was mailed on or about January 31, 2025.

490.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "490" of the Complaint, except admits that Burnes submitted his application on October16, 2023, and further admits that Burnes' application was approved on or about November 11, 2024, and the license was issued January 12, 2025.

491.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "491" of the Complaint, except admits that Tsulis

submitted his Premise Residence license application on November 26, 2022, and further admits that Tsulis' application was approved on or about November 30, 2023, and the license was issued on January 8, 2024.

492.    Denies the allegations set forth in paragraph "492" of the Complaint, except admits that Bien-Aime submitted an application for a Concealed Carry license on or about March 10, 2024, and further admits that the License Division approved Bien-Aime's application for a Concealed Carry license and mailed such license to him on or about May 19, 2025.

493.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "493" of the Complaint, except admits that Eng submitted his Concealed Carry license application on November 21, 2023, and further admits that Eng's application was approved on or about September 23, 2024, and the license was mailed on or about October 21, 2024.

494.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "494" of the Complaint, except admits that Pluta submitted his Concealed Carry license application on October 24, 2023, and further admits that Pluta's application was approved on or about July 1, 2024, and the license was mailed on or about August 1, 2024.

495.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "495" of the Complaint, except admits that Yu submitted his Concealed Carry license application on July 21, 2023, and further admits that Yu's application was approved on or about April 15, 2024, and the license was mailed on or about May 15, 2024.

496.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "496" of the Complaint, except denies that Zou submitted his Concealed Carry license application on June 17, 2024, and admits that Zou's application was approved on or about January 9, 2025, and the license was issued/mailed on or about February 10, 2025.

497.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "497" of the Complaint, except denies that Bensinger submitted his Premise Residence license application on July 30, 2024, and avers that his license was issued and thereafter mailed on March 7, 2025.

498.    Denies the allegations set forth in paragraph "498" of the Complaint.

499.    Denies the allegations set forth in paragraph "499" of the Complaint.

500.    Admits the allegations set forth in paragraph "500" of the Complaint.

501.    Denies the allegations set forth in paragraph "501" of the Complaint.

502.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "502" of the Complaint, except admits that Tsulis submitted his Rifle/Shotgun permit application on February 1, 2024, and further admits that Tsulis's application was approved on or about April 29, 2024, and the license was mailed on or about May 19, 2025.

503.    Denies the allegations set forth in paragraph "503" of the Complaint.

504.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "504" of the Complaint, except admits that Tsulis and Yu sought to add additional firearms to existing licenses.

505.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "505" of the Complaint, except admits that Tsulis and Yu submitted purchase receipts and NICS checks to the License Division's purchase authorization unit.

506.    Denies the allegations set forth in paragraph "506" of the Complaint.

507.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "507" of the Complaint, except admits that Tsulis submitted firearm purchase documentation on March 18, 2024, and further admits that Tsulis' license was issued on or about April 14, 2024.

508.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "508" of the Complaint, except admits that Yu submitted firearm purchase documentation on January 31, 2025, and further admits that Yu's license was issued on or about February 20, 2025.

509.    Denies the allegations set forth in paragraph "509" of the Complaint.

510.    Denies the allegations set forth in paragraph "510" of the Complaint.

511.    Denies that plaintiffs are entitled to the relief sought in the Wherefore Clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

512.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

513.    The injuries alleged by Plaintiffs were caused in whole or in part by and arose out of Plaintiffs' own culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

514.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

515.    The Complaint fails to establish that the City of New York caused the alleged deprivation of Plaintiffs' rights as required by Monell v. Department of Social Services, 436 U.S. 658 (1978).


Dated:    New York, New York
          June 2, 2025

                                        MURIEL GOODE-TRUFANT
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-0427
                                        kevrizzo@law.nyc.gov


                                        By:    _____/s/_____
                                               Kevin M. Rizzo
                                               Assistant Corporation Counsel