UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
ROBERT P. MILANI, PAYSACH A. BURNES,
JASON M. TSULIS, ALEX BIEN-AIME, SHAWN
W. ENG, MATTHEW C. PLUTA, THOMAS YU,    1:25-CV-1732 (DLC)
DARREN ZOU, AND MENACHEM M. BENSINGER,

                                           *Plaintiffs,*

    -against-

NEW YORK CITY,

                                           *Defendant.*
------------------------------------------------------------------------- X

## STIPULATED AGREEMENT FOR THE PRODUCTION
## OF ELECTRONICALLY STORED INFORMATION

WHEREAS, the goal of Rule 1 of the Federal Rules of Civil Procedure (the "Federal Rules") is the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1;

WHEREAS, Rules 26(b)(1) and 26(g)(1)(B)(iii) of the Federal Rules require the Parties and the Court to limit discovery to what is both relevant and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(1);

WHEREAS, Rule 26(f) of the Federal Rules states that the Parties must develop a proposed discovery plan that states the Parties' views and proposals on, among other things, "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced," Fed. R. Civ. P. 26(f)(3)(C);

WHEREAS, in compliance with Rule 1 and 26 of the Federal Rules, the Parties mutually seek to reduce the time, expense, and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as described further below, and to better define the scope of their obligations with respect to such information and materials in this action;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

**IT IS HEREBY STIPULATED AND AGREED** by and through the Parties' respective counsel as follows:

1. <u>General Terms</u>. This stipulated and so-ordered agreement (the "Stipulation and Order") governs the discovery of electronically stored information ("ESI") in this Litigation. By entering into this Stipulation and Order, the Parties do not waive any defenses or objections to any requests for production of documents, all of which are expressly reserved.

2. <u>Preservation</u>.

    a. The Parties acknowledge their duty to conduct a reasonable inquiry to identify and preserve documents and information in their possession, custody, and control that they know, or should know, is relevant to this litigation; the Parties also agree that nothing in this protocol shall expand their preservation duties beyond what is reasonable and proportional to what is at issue in the case.

    b. This agreement does not obligate any Party to segregate or collect potentially relevant documents unless the Party has a reason to anticipate that, absent such actions, relevant information is likely to be lost during the pendency of this matter.

3. <u>Production Format</u>. Unless otherwise ordered by the court or agreed to by the Parties, the Parties shall produce ESI and non-ESI in accordance with the annexed ESI Production Specifications (annexed as Appendix A).

4. <u>Production Timing</u>. The Parties agree that the production shall be completed no later than September 12, 2025. It is not a violation of this Stipulation and Order for a Party to produce documents after this date as part of the Parties' continuing obligation to supplement or correct its disclosures or responses under Rule 26(e).

5. Decryption. The Parties will make reasonable efforts to ensure that documents produced in native form are decrypted (or that passwords are supplied), but the Parties have no duty to identify encrypted documents prior to production.

6. Privilege Logs.

    a. The Parties will log any fully withheld responsive privileged material, including documents produced as withheld for privilege slip-sheets, with the exclusion of the following categories:

        i. The Parties will not log any documents exchanged with counsel or that post-date the complaint.

        ii. The Parties will not log any documents that have been produced with privilege redactions provided that the privilege type is listed on the redaction itself and information providing sufficient context is left unredacted and/or provided in the DAT file.

    b. The Parties will log only the topmost (last in time) email in a chain.

    c. The Parties will log the documents in ascending date order, logging privileged family members one after the other. Any subsequent logs will be logged the same way starting with the next available Privilege Log ID.

    d. The Parties agree to provide a privilege log with the following automated fields for each withheld document – any field that contains privileged information may be redacted/revised:

        i. Privilege Log ID

        ii. Bates Number (if produced as a slipsheet) or other unique identifier

        iii. Document Type

        iv. Date (sent/authored)

        v. From

        vi. Author

        vii. To

        viii. Cc

        ix. Bcc

        x. General Subject Matter (Subject line/File Name)

        xi. Privilege Type (ACC/AWP/DP/Law Enforcement, etc.)

xii. Privilege Category (subject matter category) [if categorical log] or Privilege Description [if traditional log]

e. The Parties agree to exchange privilege logs and any related declarations, no later than four ("4") weeks after the last production has been produced. If the Responding Party becomes aware that it will need more time to comply, it will promptly reach out to opposing counsel to meet and confer on a revised date.

f. The Parties must raise any privilege log issues within 30 days after the production of the privilege log, and if they fail to do so, waive any rights to raise them after this date. Once a Party raises any issues related to the privilege log within 30 days of its production, the Parties must meet and confer within one week of the issue being identified to try and resolve the issue.

7. <u>Non-Responsive Redactions</u>. Within an otherwise responsive document, non-responsive content that is also either sensitive or privileged may be redacted. Non-responsive content that provides necessary context for understanding the document will not be redacted unless it is privileged. Redactions applied for this reason shall be labeled with the basis for the redaction.

8. <u>New York Penal Law §400.00(5)</u>: This provision permits an applicant for a firearm license to request an exemption from its information becoming a public record. Accordingly, the City may redact identifying information regarding applicants, other than Plaintiffs. Redactions applied for this reason shall be labeled with the basis for the redaction.

9. <u>Treatment of Families</u>. Parent-child relationships (e.g., the association between emails and attachments) will be preserved. Because full families, parents and children (e.g., emails and corresponding attachments), should be produced together, if a document within a responsive family is fully withheld for privilege or non-responsiveness, a Bates-stamped, single page TIF placeholder indicating either "Document Withheld for Privilege" or "Document Withheld for Non-Responsiveness" should be included as the corresponding image for the withheld file. This information should also be reflected in the Contains Slip Sheet and Slip Sheet Language fields in the .DAT file.

10. <u>Search and Review Methodology</u>.

a. The Parties recognize that the Producing Party is in the best position to determine how to search for, review, and produce its own ESI. *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018).

b. The Requesting Party shall propose the terms that it requests the Producing Party use for collecting and/or searching ESI and provide such terms to the Responding Party by July 18, 2025. For email, the date range for document collection shall be January 1, 2023 through December 31, 2024. The Producing Party will review the proposed terms and respond with any proposed modifications within ten ("10") business days of receiving the proposed terms. Thereafter, the Parties will meet

and confer in good faith to reach agreement on the criteria to be used by the Producing Party. If the Parties are unable to reach agreement, the Requesting Party may seek appropriate relief from the court within forty-five days of the Producing Party's proposed modifications to the terms. If no such relief is sought, the Producing Party may proceed with the disclosed search, review, and production process.

      i. For the City's collection, the City will use collection terms to search emails of employees of the New York City Police Department. The City will then provide the total hits for those terms and the top custodians for those terms. Plaintiff can then identify one ("1") custodian, and the City will collect and review emails from such custodian and produce responsive, non-privileged emails. Plaintiffs shall identify the one ("1") custodian within ten ("10") business days of receiving the information described in this subparagraph.

  c. The Producing Party has the right to fully review its ESI for responsiveness, privilege, confidentiality, and personally identifiable information prior to production of responsive, non-privileged documents. In addition, the Producing Party may use any appropriate tool or technology to conduct its review, including technology assisted review, as long as the review is conducted in a defensible manner.

11. <u>Non-Party Subpoenas</u>. Non-parties responding to discovery requests shall not be subject to this Stipulation and Order. This provision shall not limit a Party's right to request a particular form of production when serving document subpoenas on non-parties.

12. <u>Subsequently Joined Parties</u>. Parties joined to this action after the entry of this Stipulation and Order shall presumptively be subject to its terms, however, subsequently joined parties may seek modification of this Stipulation and Order either through further written agreement of all Parties, or upon a showing of good cause, by application to the Court on notice to the other Parties.

13. <u>Process for Amending</u>. This Stipulation and Order may be changed only by further agreement of the Parties in writing or by Order of the Court and is without prejudice to the right of any Party, upon a showing of good cause, to seek modification of this Stipulation and Order by application to the Court on notice to the other Party.

14. <u>Data Security.</u> The Parties shall use reasonable measures to transfer, store, and maintain the documents and information exchanged in this action to prevent any unauthorized disclosure and maintain the security and integrity of electronic data and files.

So ordered,

*[signature]*
6/27/25

**STIPULATED TO:**

| OFFICE OF THE CORPORATION COUNSEL | THE LAW OFFICE OF MIREL FISCH |
|---|---|
| By: _____/s/_____<br>Nicholas R. Ciappetta<br>100 Church Street<br>New York, New York 10007<br>(212) 356-4036 | By: _____/s/_____<br>Mirel Fisch, Esq.<br>2329 Nostrand Ave., Suite 100<br>Brooklyn, New York 11210<br>(929) 382-04933 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| Dated: New York, New York<br>June 27, 2025 | Dated: New York, New York<br>June 27, 2025 |

**SO ORDERED:**

Dated: _____
       New York, New York

_____
United States District Judge Denise L. Cote