1:25-cv-01732-DLC Document 35 Filed 09/11/26 Page 1 of 2

The Law Office of Mirel Fisch
2329 Nostrand Ave, Suite 100 • Brooklyn, NY 11210
Phone: (929) 382-4933 • Email: mirel@mfischlaw.com

September 11, 2026

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

As reflected in the 5/14/26 endorsement, the November 30, 2026 dates remain firm. The parties may, on consent, extend discovery beyond 9/18. Denise Cote 9/14/26

Re: **Milani, et al. v. New York City**
**25-cv-1732 (DLC)**

Dear Judge Cote:

I represent the Plaintiffs in the above-referenced matter. I write jointly on behalf of all parties to respectfully request an extension of the current September 18, 2026 fact-discovery deadline to November 17, 2026.

The extension is necessary to permit the parties to complete the scheduled depositions and to conduct limited follow-up document discovery arising from those depositions.

The parties could not have proceeded with depositions sooner because both sides needed the City's document production to be substantially complete before questioning the witnesses. The City made bulk productions on December 29, 2025; March 23, April 30, May 21, June 10, June 16, July 7, and July 29, 2026. Those productions included the City's internal ARMS records concerning each Plaintiff, records and communications concerning the licensing processes generally at issue, and other electronic discovery. As its productions neared completion, the City noticed Plaintiffs' depositions on July 27, two days before making its final production. Plaintiffs waited until the City confirmed that its productions were complete before noticing the License Division depositions.

On August 11, after completing my review of the July 29 production, I asked the City whether I should expect any additional document productions. I explained that I needed that information to finalize Plaintiffs' Rule 30(b)(6) notice because some of the topics depended on the documents produced. The City responded that day that it believed its production was complete, and I served Plaintiffs' Rule 30(b)(6) notice and subpoenas for the individual License Division witnesses that same day. Plaintiffs noticed all of these depositions for dates before the September 18, 2026 fact-discovery deadline. Plaintiffs then supplemented the Rule 30(b)(6) notice on August 14 after learning that one of the investigators had passed away and another was no longer employed by the City.

The parties then promptly began coordinating deposition dates. Scheduling the NYPD witnesses took additional time because their availability had to be coordinated through the NYPD, and several deposition dates were moved and rescheduled as the witnesses' availability

Case 1:25-cv-01732-DLC Document 35 Filed 09/11/26 Page 2 of 2

was confirmed. Several Plaintiffs' deposition dates were also moved to accommodate the dates on which the NYPD witnesses were available. The City worked diligently to coordinate the NYPD witnesses' availability, and confirmed the final deposition date on September 4.

The parties have completed the following depositions:

- August 25 – Plaintiffs Darren Zou and Jason Tsulis
- August 28 and September 1 – License Division Commanding Officer Deputy Chief Hugh Bogle
- September 1 – Plaintiff Menachem Bensinger
- September 4 – Plaintiff Alex Bien-Aime
- September 8 – Plaintiffs Shawn Eng and Thomas Yu

The remaining depositions are scheduled as follows:

- September 14 – Plaintiff Robert Milani
- September 15 – Police Officer Samantha Imbembo
- September 18 – Plaintiff Matthew Pluta
- September 23 – Plaintiff Paysach Burnes
- September 25 – Investigator Paul Kim
- October 1 – Police Officer Mark Bernard
- October 6 – Investigator Shannara Feliciano
- October 9 – Senior Police Administrative Aide Pamella Dadaille
- October 13 – Investigator Jacqueline Hosang
- October 27 – Rule 30(b)(6) designee, License Division Director Nicole Berkovich.

Additional time is also necessary for limited follow-up document discovery arising from the depositions. During the depositions conducted to date, both sides identified and requested additional documents based on the witnesses' testimony. The parties intend to formalize those requests after receiving and reviewing the relevant transcripts and will need time to respond to the requests and review the resulting productions. The requested November 17 deadline provides approximately three weeks after the final Rule 30(b)(6) deposition to complete that process.

This is the parties' third request to extend the fact-discovery deadline. The Court granted both prior requests, extending the original December 19, 2025 deadline first to May 19, 2026, and then to September 18, 2026.

In light of the requested extension, the parties also request corresponding extensions of the summary-judgment briefing deadlines, as follows: Plaintiffs' motion, January 11, 2027; Defendant's opposition and cross-motion, February 12, 2027; Plaintiffs' reply and opposition, March 1, 2027; and Defendant's reply, March 15, 2027. The parties respectfully submit that good cause exists for these extensions for the reasons set forth above.

Respectfully,

Mirel Fisch

CC: Counsel for Defendant via ECF